UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MICHAEL HERRERA

                                                Plaintiff,    **COMPLAINT AND**
                                                             **JURY DEMAND**
                    -against-

THE CITY OF NEW YORK, DEPARTMENT OF
~~CORRECTION COMMISSIONER MARTIN F.~~    Docket #
HORN, CHIEF CAROLYN THOMAS, DEPUTY
WARDEN ROBERT SHAW, CORRECTION OFFICER    ECF CASE
FREEZE, CORRECTION OFFICER JONES, JOHN DOE
CORRECTION OFFICERS #1-3,

                                                Defendants.

------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and the Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a January 5, 2007 incident in which Officers of the New York City Department of Correction ("D.O.C.") acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, excessive force, assault, and battery or failed to intervene when others did so.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party

jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Bronx County, City and State of New York. At the time of the incident plaintiff was awaiting trial in the custody of D.O.C.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Commissioner") was at all times here relevant the Commissioner of the New York City D.O.C., and, as such, was a policy maker with respect to training, supervision, and discipline of D.O.C. officers, including the other individual defendants. On information and belief, Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters and was responsible for the appointment, training, supervision, and conduct of all D.O.C. personnel, including the defendants referenced herein. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of D.O.C., and for ensuring that D.O.C. personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his

individual capacity.

10. Carolyn Thomas ("Thomas") was at all times here relevant the Chief of the D.O.C. and, as such, was a policy maker with respect to training, supervision, and discipline of D.O.C. officers, including the other individual defendants. As Chief of Department, Thomas is the highest ranking uniformed member of the department, and is responsible for the supervision, oversight, and discipline of uniformed security staff, including the supervisory security staff, in all Department jails. She is also responsible for the care, custody, and control of all inmates in D.O.C. jails. As Chief of Department, Thomas is provided with reports of applications of force, allegations of unreported use of force, and other breaches of security in D.O.C. jails. Defendant Thomas is sued in her individual capacity.

11. At all times relevant hereto, Robert Shaw was the Warden of George R. Vierno Center ("G.R.V.C."). As Warden, his responsibilities included supervision of correction officers, captains, and other supervisors with respect to the care, custody and control of prisoners confined in the jail. These responsibilities were and are required to be carried out in a manner consistent with the legal mandates that govern the operation of D.O.C. jails, including D.O.C. directives and orders governing the use of force, the reporting of use of force, and the Board of Correction Minimum Standards. As Warden, Shaw is provided with all reports of use of force, allegations of use of force, and other violent incidents in G.R.V.C. Warden Shaw is sued in his individual and official capacities.

12. All other individual defendants ("the officers") are employees of the D.O.C., and are sued in their individual capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and

3

State of New York.

## JOINT LIABILITY

14. This action falls within one or more of the exceptions set forth in CPLR 1602.

## NOTICE OF CLAIM

15. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

16. On January 5, 2007, at approximately 11:00 P.M. at G.R.V.C., a jail on Riker's Island, plaintiff was assaulted and battered by corrections officers. The officers' assault caused plaintiff to suffer an orbital floor fracture requiring surgery.

17. Corrections officers subjected plaintiff to excessive force without any legitimate security reason. Plaintiff was not charged with any wrongdoing in connection with the incident.

18. Officers then gave false and misleading statements to investigators regarding the incident. Defendants also delayed plaintiff from receiving proper medical care.

19. At all times during the events described above, the corrections officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

20. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

21. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   b. Violation of his New York State Constitutional right under Article 1, Section 12 to Due Process of Law;

   c. Violation of his New York State Constitutional right under Article 1, Section 5 to be free of cruel and unusual punishment;

   d. Physical pain and suffering;

   e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

22. The above paragraphs are here incorporated by reference.

23. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and sections five and twelve of the New York State Constitution.

24. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

25. The above paragraphs are here incorporated by reference.

26. The City, the Commissioner, the Chief and the Warden are liable for the damages

suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

27. The City, the Commissioner, the Chief and the Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

28. The aforesaid event was not an isolated incident. The City, the Commissioner, the Chief and the Warden have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City, the Commissioner, the Chief and the Warden insufficiently discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although that is standard procedure for reviewing inmate statements. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City, the Commissioner, the Chief and the Warden are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

29. The City, the Commissioner, the Chief and the Warden knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, the Chief and the Warden failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is

6

condoned.

30. The City, the Commissioner, the Chief and the Warden have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

31. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, the Commissioner, the Chief and the Warden to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

32. The City, the Commissioner, the Chief and the Warden have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

33. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the the City, the Commissioner, the Chief and the Warden.

## THIRD CAUSE OF ACTION
(DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

34. The above paragraphs are here incorporated by reference.

35. Defendants have acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Fourteenth Amendment of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

36. Defendants knew plaintiff faced a substantial risk of serious harm by delaying him access to medical attention and disregarded that risk by failing to take reasonable steps to abate it.

7

37. The substantial risk of harm resulting from defendants' deliberate indifference caused plaintiff to sustain serious injuries.

38. Plaintiff was damaged by the deliberate indifference of the defendants.

### FOURTH CAUSE OF ACTION
### (ASSAULT)

39. The above paragraphs are here incorporated by reference.

40. By striking plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

42. Plaintiff was damaged by defendants' assault.

### FIFTH CAUSE OF ACTION
### (BATTERY)

43. The above paragraphs are here incorporated by reference.

44. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

45. Defendants used excessive and unnecessary force with plaintiff.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

47. Plaintiff was damaged by defendant's battery.

### SIXTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

48. All preceding paragraphs are here incorporated by reference.

49. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§5 and 12 of the New York State Constitution.

50. A damages remedy here is necessary to effectuate the purposes of §§5 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

51. The above paragraphs are here incorporated by reference.

52. Defendant officers had a bad disposition and the D.O.C. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

53. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

54. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

55. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

56. The injury to plaintiff was caused by the officers' foreseeable use of excessive force.

## EIGHTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

57. The above paragraphs are here incorporated by reference.

58. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New

York's interest.

59. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
February 6, 2008

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Department of Correction Commissioner
Martin Horn
60 Hudson Street
New York, NY 10013

Chief of Department of Correction
Carolyn Thomas
60 Hudson Street
New York, NY 10013

Deputy Warden Robert Shaw, #317
Rikers Island

Yours, etc.,

Nicole Bellina
Bar #NB7154
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com

10

09-09 Hazen St.
East Elmhurst NY 11370

Correction Officer Freeze

Correction Officer Jones