**MEMO ENDORSED**



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/08

March 28, 2008

**BY HAND**
Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Suite 1630
New York, New York 10007



MAR 31 2008

Re: Robert Herrera v. City of New York, et al.
    08 CV 1342 (TPG)(DFE)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Monday, April 14, 2008 until Friday, June 13, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel has consented to this application.

      In the complaint, plaintiff alleges, *inter alia*, that on January 5, 2007, he was subjected to excessive force by members of the New York City Department of Correction.

      There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. Also, as the complaint does not indicate the disposition of the plaintiff's criminal charges but infers that plaintiff was a pre-trial detainee while incarcerated at DOC, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, the official records concerning plaintiff's arrest, including many of DOC's records, may be sealed. If the records are sealed, we will not be able to obtain them from DOC or any other source without the 160.50 designation. Without the medical and DOC records, defendant cannot assess this case or properly respond to the complaint.

*approved.*
*Thomas P. Griesa* 4/1/08

    Second, based upon the civil docket sheet, it appears that some of the individual defendants have not yet been served. The extension should allow time for plaintiff to serve these individual defendants with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent all or some of the individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

    No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to June 13, 2008.

    Thank you for your consideration of this request.

Respectfully submitted,

Karl J. Ashanti (KA4547)<br>
Assistant Corporation Counsel

cc:  Nicole Bellina, Esq. (by fax)