UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MICHAEL HERRERA,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, CORRECTION OFFICER FREEZE,
CORRECTION OFFICER JONES, JOHN DOE
CORRECTION OFFICERS #1-3,

                      Defendants.

**ANSWER**

08 CV 1342 (TPG)(DFE)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------- x

        Defendants City of New York, Martin F. Horn and Robert Shaw[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint.

        6.     Deny the allegations set forth in paragraph "6" of the Complaint.

---

[1] Upon information and belief, the individuals identified in the caption as Chief Carolyn Thomas, Officer Freeze and Officer Jones have not been served with process and, therefore, are not parties to this action.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Martin F. Horn is employed by the City of New York as Commissioner of the New York City Department of Correction and that plaintiff purports to sue him in his individual capacity only as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Carolyn Thomas is employed by the City of New York as Chief of Department of the New York City Department of Correction and that plaintiff purports to sue her in her individual capacity only as stated therein.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Robert Shaw is employed by the City of New York as Warden of the George R. Vierno Center within the New York City Department of Correction and that plaintiff purports to sue him in his individual capacity only as stated therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Paragraph "13" of the Complaint states conclusions of law rather than averments of facts and thus no response is required.

14. Paragraph "14" of the Complaint states conclusions of law rather than averments of facts and thus no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except that, upon information and belief, plaintiff was not involved in an incident within the Department of Correction on January 5, 2007.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint

21. Deny the allegations set forth in paragraph "21" of the Complaint, including its subparts.

22. In response to the allegations set forth in paragraph "22" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants have governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

64. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

65. At all times relevant to the acts alleged in the Complaint, the City's employees acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiffs' claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

67. Venue does not properly lie in this district.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

68. The individual defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

69. To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           June 13, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                City of New York, Martin F. Horn
                and Robert Shaw
                100 Church Street
                New York, New York 10007
                (212) 227-0414

                By: _____
                    Karl J. Ashanti (KA 4547)
                    Assistant Corporation Counsel
                    Special Federal Litigation Division

To:    Nicole Bellina, Esq. (By ECF and Mail)
       Stoll, Glickman, & Bellina LLP
       71 Nevins Street
       Brooklyn, NY 11217

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **June 13, 2008**, I served the annexed **Answer** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Nicole Bellina, Esq.
Stoll, Glickman, & Bellina LLP
71 Nevins Street
Brooklyn, NY 11217

Dated: New York, New York
       June 13, 2008

Karl J. Ashanti
Assistant Corporation Counsel

Index No. 08 CV 1342 (TPG)(DFE)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL HERRERA,

Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CHIEF CAROLYN THOMAS, DEPUTY WARDEN ROBERT SHAW, CORRECTION OFFICER FREEZE, CORRECTION OFFICER JONES, JOHN DOE CORRECTION OFFICERS #1-3,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti*
*Tel: (212) 227-0414*
*NYCLIS No. 2008-005294*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 200......*

*................................................................ Esq.*

*Attorney for ..............................................................*