UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL HERRERA,

                                   Plaintiff,

                -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CHIEF CAROLYN THOMAS, DEPUTY WARDEN
ROBERT SHAW, CORRECTION OFFICER FREEZE,
CORRECTION OFFICER JONES, JOHN DOE
CORRECTION OFFICERS #1-3,

                                   Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 1342 (TPG)(DFE)

<u>Jury Trial Demanded</u>

Defendant Carolyn Thomas[1] by her attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for her Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

      1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

      2.      Denies the allegations set forth in paragraph "2" of the Complaint.

      3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

      4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      5.      Denies the allegations set forth in paragraph "5" of the Complaint.

      6.      Denies the allegations set forth in paragraph "6" of the Complaint.

---

[1] Upon information and belief, the individuals identified in the caption as Officer Freeze and Officer Jones have not been served with process and, therefore, are not parties to this action.

7.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.       Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

9.       Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Martin F. Horn is employed by the City of New York as Commissioner of the New York City Department of Correction and that plaintiff purports to sue him in his individual capacity only as stated therein.

10.       Denies the allegations set forth in paragraph "10" of the Complaint, except admits that Carolyn Thomas is employed by the City of New York as Chief of Department of the New York City Department of Correction and that plaintiff purports to sue her in her individual capacity only as stated therein.

11.       Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Robert Shaw is employed by the City of New York as Warden of the George R. Vierno Center within the New York City Department of Correction and that plaintiff purports to sue him in his individual capacity only as stated therein.

12.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.       Paragraph "13" of the Complaint states conclusions of law rather than averments of facts and thus no response is required.

2

14.     Paragraph "14" of the Complaint states conclusions of law rather than averments of facts and thus no response is required.  To the extent a response is required, defendant denies the allegations set forth in paragraph "14" of the Complaint.

15.     Denies the allegations set forth in paragraph "15" of the Complaint.

16.     Denies the allegations set forth in paragraph "16" of the Complaint, except that, upon information and belief, plaintiff was not involved in an incident within the Department of Correction on January 5, 2007.

17.     Denies the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint

21.     Denies the allegations set forth in paragraph "21" of the Complaint, including its subparts.

22.     In response to the allegations set forth in paragraph "22" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint.

25.     In response to the allegations set forth in paragraph "25" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint

34.     In response to the allegations set forth in paragraph "34" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     Denies the allegations set forth in paragraph "38" of the Complaint

39.     In response to the allegations set forth in paragraph "39" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     In response to the allegations set forth in paragraph "43" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.    Denies the allegations set forth in paragraph "45" of the Complaint.

46.    Denies the allegations set forth in paragraph "46" of the Complaint.

47.    Denies the allegations set forth in paragraph "47" of the Complaint.

48.    In response to the allegations set forth in paragraph "48" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

49.    Denies the allegations set forth in paragraph "49" of the Complaint.

50.    Denies the allegations set forth in paragraph "50" of the Complaint.

51.    In response to the allegations set forth in paragraph "51" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

52.    Denies the allegations set forth in paragraph "52" of the Complaint.

53.    Denies the allegations set forth in paragraph "53" of the Complaint.

54.    Denies the allegations set forth in paragraph "54" of the Complaint.

55.    Denies the allegations set forth in paragraph "55" of the Complaint.

56.    Denies the allegations set forth in paragraph "56" of the Complaint.

57.    In response to the allegations set forth in paragraph "57" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

58.    Denies the allegations set forth in paragraph "58" of the Complaint.

59.    Denies the allegations set forth in paragraph "59" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60.    The Complaint fails to state a claim upon which relief can be granted.

5

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62.    At all times relevant to the acts alleged in the Complaint, defendant's duties and functions entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

64.    At all times relevant to the acts alleged in the Complaint, defendant acted reasonably in the proper and lawful exercise of her discretion.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

65.    Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

66.    Venue does not properly lie in this district.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

67.    Defendant did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

68.    To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

69.    Plaintiff's claims may be barred, in whole or in part, by the Prisoner Litigation Reform Act.

**WHEREFORE,** defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            August 29, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendant
                        Carolyn Thomas
                        100 Church Street
                        New York, New York 10007
                        (212) 227-0414

                        By:
                           Karl J. Ashanti (KA 4547)
                           Assistant Corporation Counsel
                           Special Federal Litigation Division

To:    Nicole Bellina, Esq. (By ECF and Mail)
       Stoll, Glickman, & Bellina LLP
       71 Nevins Street
       Brooklyn, NY 11217

## <u>DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL</u>

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of

perjury, that on **August 29, 2008**, I served the annexed **Answer** by ECF and by depositing a

copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office

official depository under the exclusive care and custody of the United States Postal Service,

within the State of New York, upon the following:

Nicole Bellina, Esq.
Stoll, Glickman, & Bellina LLP
71 Nevins Street
Brooklyn, NY 11217

Dated: New York, New York
       August 29, 2008

Karl J. Ashanti
Assistant Corporation Counsel

Index No.  08 CV 1342 (TPG)(DFE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL HERRERA,

Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, CHIEF CAROLYN THOMAS, DEPUTY
WARDEN ROBERT SHAW, CORRECTION
OFFICER FREEZE, CORRECTION OFFICER
JONES, JOHN DOE CORRECTION OFFICERS
#1-3,

Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant Carolyn Thomas*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Karl J. Ashanti*
*Tel:  (212) 227-0414*
*NYCLIS No. 2008-005294*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................. , 200......*

*.......................................................................... Esq.*

*Attorney for ....................................................................*